UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

OGOSPORT LLC,

    Plaintiff,

v.                                                               Case No. 10-C-0155

MARANDA ENTERPRISES LLC,

    Defendant.

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM
PURSUANT TO FED. R. CIV. P. 12(f)  (DOC. 78)

On February 25, 2010, Plaintiff OgoSport LLC ("OgoSport") initiated this action against Defendant Maranda Enterprises, LLC ("Maranda"), claiming statutory and common law trade dress infringement. OgoSport filed an amended complaint on July 29, 2010. Maranda responded on February 22, 2011, with an answer and counterclaim, seeking a declaratory judgement of non-infringement and invalidity of OgoSport's trade dress. OgoSport filed a motion to strike Maranda's counterclaim pursuant to Fed. R. Civ. P. 12(f). Alternatively, it asks that paragraphs 21, 22 and 23 of the counterclaim be stricken. The matter is fully briefed, and the court's decision follows.

As a general matter, motions to strike are disfavored, as they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Further, they "are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *In re Asbestos Cases*, 1990 U.S. Dist. LEXIS 2606, at *10-11 (N.D. Ill. March 7, 1990). However, pursuant to Fed. R. Civ. P. 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may act on its own or on motion

made by a party. *Id*. In addition, a court has "considerable discretion in striking any redundant, immaterial, impertinent, or scandalous matter." *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

OgoSport maintains that Maranda's counterclaim for a declaratory judgment is redundant of its affirmative defenses. (Doc. 79 at 2.) Moreover, it asserts that paragraphs 21, 22 and 23 of the counterclaim are immaterial, impertinent, or scandalous.

Paragraphs 21, 22 and 23 are included in the background portion of Maranda's counterclaim that begins with a description of the parties and OgoSport's charge that Maranda's Spring Ring recreational disk infringe its common law trade dress in recreational disks. Maranda goes on to discuss why its recreational disks do not infringe OgoSport's recreational disks, including reasons why OgoSport does not have any valid protectable trade dress as claimed.

The subject paragraphs then state:

21. Subsequent to March 17, 2008, OgoSport has marked its product packaging for its recreational disks as "Patent Pending."

22. On or about October 6 and 7, 2010, Kevin Williams testified during the course of a preliminary injunction hearing before this Court that he had knowledge of the abandonment of U.S. Patent Application No. 11/242,474.

23. On or about October 6 and 7, 2010, Kevin Williams testified during the course of a preliminary injunction hearing before this Court that no pending patent application covered the OgoSport's current recreational disk on the market.

(Doc. 60 at 12.)

I. Maranda's Counterclaim is Not Redundant of Its Affirmative Defenses

The Seventh Circuit has noted that "[t]he label 'counterclaim' has no magic," and that it merely represents "another theory of relief in an existing suit, one leading to another possible outcome." *Tenneco, Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985). In support of its motion, OgoSport first cites to *Tempco Elec. Heater Corp. v. Omega Eng'g Inc.*, 819 F.2d 746 (7th Cir. 1987), in an attempt to give this court a similar factual situation. However, the court does not find *Tempco* to be apropos. *Tempco* required the Seventh Circuit to decide whether a district court erred in dismissing a declaratory judgment action on discretionary grounds because a trademark infringement action was filed by the defendant four days later. *See id.* at 749. Unlike the instant matter, *Tempco* did not involve a motion to strike a defendant's counterclaim for declaratory relief.

More relevant cases cited by OgoSport include *Nielsen Co. LLC v. Truck Ads, LLC*, 2011 WL 221838, at * 5 (N.D. Ill. 2011), in which the court stated that though motions to strike are disfavored, claims may be struck if they are repetitious such that they restate issues already before the court; and *McGrath v. Everest Nat'l Ins. Co.*, 2009 U.S. Dist. LEXIS, at *3-4 (N.D. Ind. Aug. 13, 2009), in which the court stated that "[r]epetition, specifically a counterclaim that merely restates an affirmative defense or seeks the opposite effect of the complaint, should be stricken." (citations omitted). However, Maranda cites to *BPI Energy Holdings, Inc. v. IEC, LLC*, 2010 U.S. Dist. LEXIS 2346, at *9 (S.D. Ill. Jan. 12, 2010), where the court stated that "before dismissal of the Counterclaim as being redundant, it must be shown that a determination of Plaintiffs' claims will obviate the need for declaratory relief." Without a clear and binding standard,

the court will act with caution and use the discretion granted to it by Rule 12(f) and case law. *See Delta Consulting Group, Inc.*, 554 F.3d at 1141.

OgoSport does not convince the court that Maranda's counterclaim is redundant of its affirmative defenses. In fact, the court notes that similarities between Maranda's counterclaims and affirmative defenses are expected. However, mere similarities are not enough to render a counterclaim completely duplicative of a party's affirmative defenses.

In its affirmative defenses, Maranda contends that OgoSport has "failed to identify distinctive trade dress," and "does not own distinctive trade dress," and request costs, expenses, and attorneys' fees. (*See* Doc. 60 at 8.) On the other hand, the essence of Maranda's counterclaim is that its reputation and goodwill will suffer or is suffering because of OgoSport's acts, and seeks declaratory relief to presumably restore its reputation and goodwill in the marketplace. (*See id.* at 13.) Although the affirmative defenses and the counterclaim may share facts and circumstances, defending an action based on non-liability is not the same as vindicating or restoring one's reputation and goodwill through a declaratory judgment stating that Maranda did nothing unlawful or that OgoSport does not have protectable trade dress rights. This is a distinction with a difference, and one that is dispositive of whether this court should grant OgoSport's motion because of redundancy.

If Maranda were forced to rely solely on its affirmative defenses, it would not be able to obtain the same relief in this matter as it would if the counterclaim survives. Indeed, Maranda would be required to file a new and separate action for such relief if the motion were granted and that surely does not promote wise and efficient use of judicial

4

or litigant resources. Thus, the court finds that conceptualizing the counterclaim as redundant of the affirmative defenses would "ignore[] the substance of the Counterclaim as well as the requested relief." (Doc. 83 at 3.) Adjudicating plaintiff's claims will not render moot Maranda's counterclaim for declaratory relief. Therefore, the court declines to strike Maranda's counterclaim in its entirety. *See e.g., Sentry Ins. v. Novelty, Inc.*, 2009 U.S. Dist. LEXIS 117650, at *8 (W.D. Wis. Dec. 17, 2009) (holding that "[T]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.") (quoting 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1406, at 36 (2d ed. 1990).

II. Paragraphs 21-23 of Maranda's Counterclaim are Not "Immaterial, Impertinent, or Scandalous"

OgoSport asserts that paragraphs 21, 22 and 23 of Maranda's counterclaim are immaterial, impertinent, or scandalous such that they should be stricken. The court does not agree. Moreover, the court is mindful that "[m]otions to strike waste time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim." *United States Bank Nat'l Ass'n v. Alliant Energy Res., Inc.*, 2009 U.S. Dist. LEXIS 54439, at *8 (W.D. Wis June 26, 2009) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F. 3d 725, 727-28 (7th Cir. 2006). Unfortunately, that is the case here. However, the court will briefly address plaintiff's alternative argument.

Matter is immaterial when it "has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004); *see also Fantasy, Inc. v. Fogerty*,

66 984 F.2d 1524, 1527 (9th Cir. 1993); *In re Asbestos Cases*, *supra*, 1990 U.S. Dist. LEXIS 2606, at *10. Impertinent material is that which "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527.

The court fails to see how paragraphs 21, 22 and 23 of Maranda's complaint qualify as immaterial or impertinent. Maranda's claim for relief is a declaratory judgment of non-infringement and invalidity of OgoSport's trade dress. (Doc. 60 at 12.) OgoSport concedes that "[t]he existence of a patent application, pending or abandoned, may be relevant to trade dress," but then contends that all of the potentially relevant information was mentioned in paragraphs 16 through 20 of Maranda's counterclaim. (Doc. 79 at 4.) However, paragraphs 21, 22 and 23 relate to OgoSport's patent application process and subsequent abandonment, which OgoSport noted may be relevant to trade dress, an important issue in this case. The assertions in these paragraphs may have an essential or important relationship to the claim and may relate to resolution of the issues in question. For example, they relate to OgoSport's knowledge and intent as it continues to prosecute this action and make assertions that may ignore Maranda in the marketplace. As such, paragraphs 21, 22 and 23 are not immaterial or impertinent and should not be stricken.

Lastly, OgoSport contends that paragraphs 21, 22 and 23 are scandalous. Material is scandalous when it "bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Ultimately, "[t]he decision whether to strike material as scandalous is within the discretion of the district court." *Id*. at 665.

Again, the court fails to see how paragraphs 21, 22 and 23 of Maranda's counterclaim are scandalous. Particularly, the court finds that these paragraphs relate to

the controversy at issue and Maranda's proposed declaratory relief.  As such, paragraphs 21, 22 and 23 are not immaterial and not impertinent.  Moreover, OgoSport fails to show the court in its brief in support or in its reply brief how it would be prejudiced by responding to the allegations set forth in paragraphs 21, 22 and 23.  Therefore,

IT IS ORDERED that OgoSport's motion to strike Maranda's counterclaim in its entirety is DENIED.

IT IS FURTHER ORDERED that OgoSport's motion to strike paragraphs 21, 22 and 23 of Maranda's counterclaim is DENIED.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE