UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

OGOSPORT LLC,

        Plaintiff,

        v.                                      Case No. 10-C-0155

MARANDA ENTERPRISES LLC,

        Defendant.

DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 55)

OgoSport, LLC, a developer, manufacturer and distributor of toys and sports related equipment, brought this action against Maranda Enterprises, LLC alleging trade dress infringement pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1124(a) and common law unfair competition. Specifically, OgoSport charges that Maranda's "Spring Ring" infringes the trade dress of its "OgoDisk" product.

Maranda moves for summary judgment asserting that OgoSport is not entitled to trade dress protection. In accordance with the following discussion, that motion will be granted.

I. Summary Judgment Standard

Summary judgment is proper if the depositions, documents or electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials show that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating it is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Once this

burden is met, the nonmoving party must designate specific facts to support or defend each element of its cause of action, showing that there is a genuine issue for trial. *Id.* at 322-24. In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The mere existence of a factual dispute does not defeat a summary judgment motion; there must be a genuine issue of material fact for the case to survive. *Id.* at 247-48. "Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. To establish that a question of fact is "genuine," the nonmoving party must present specific and sufficient evidence that, if believed by a jury, would support a verdict in its favor. *Anderson*, 477 U.S. at 249.

In most instances where a trademark is at issue, "functionality is an issue of fact." *Modern Fence Techs., Inc. v. Qualipac Home Improvement Corp.*, 726 F. Supp. 2d 975, 987-988 (E.D. Wis. 2010) citing *Serv. Ideas, Inc. v. Traex Corp.*, 846 F.2d 1118, 1123 (7th Cir. 1988). In appropriate cases, however, the court may find that the functionality of a claimtrademark is subject to resolution on a summary judgment motion. *Franek v. Walmart*, 2009 U.S. Dist. LEXIS 20361 (N.D. Ill. Mar. 13, 2009) (internal citations omitted). Moreover, *TrafFix Devices, Inc. v. Mktg Displays, Inc.,* 532 U.S. 23 (2001) makes it clear that when an expired utility patent or a patent application gives rise to the strong evidentiary inference of functionality, trademark issues may be ripe for resolution on a summary judgment motion.

2

## II. Facts

In late 2004, plaintiff introduced the "OgoDisk," a throwing and catching product. It is shaped like a saucer and the center of the disk has a flexible surface that can be used to bounce a ball upon. The OgoDisk is available in three sizes: twelve-inch; fifteen-inch; and eighteen-inch. The outer-ring texture is either smooth or dimpled. "OgoSport" appears on the outer ring. The claimed trade dress for the OgoDisk includes the sloping contour of the outer ring member; the relative proportions of the outer ring member, beading member and trampoline member; and the relatively contrasting colors and values (i.e., lightness and darkness) of the outer member, beading member and trampoline member. The material that secures the fabric to the recreational disk is referred to as beading, and notably, "OgoSport nowhere claims *beading* as its trade dress." (Pl's opposition brief at 7.)

The founders of OgoSport filed an application in the United States Patent and Trademark Office ("USPTO") seeking to patent the design for a "sport activity device." Application No. 11/242,474. The application describes it as follows::

> It is a primary object of the present invention to provide a sports activity device that may be used as a flying disk. It is another object of the present invention to provide a sports activity device that may be used to launch and catch objects such as balls.

The first claim of the application states:

> A sports activity device, alternatively playable as a device for launching and catching a ball or similar object and as a tossable flying disc, said device comprising: a toroidal section, said toroidal section being comprised of an outer shell and an inner portion, said inner portion being accessible by means of a closing mechanism; a flexible material attached to said toroidal section so as to create an uninterrupted planar surface that stretches across the toroidal section, wherein said flexible material is attached to the uppermost portion of said toroidal section.

3

Upon review by a patent examiner, the USPTO rejected the patent application because the claims were found to be already in the public domain and obvious in light of the prior art. This rejection was not final. Nevertheless, because OgoSport's founders failed to timely reply, the application was abandoned.

In 2009, OgoSport filed an application for trade dress protection of the OgoDisk. In its application, Ogosport stated: "the mark consists of product configuration trade dress comprising a generally circular product having an outer ring, a middle ring comprising beading and a central planar circular surface." Application Serial No. 77899107. On March 30, 2010, the USPTO refused registration of the trade dress because: "the applied for mark . . . appears to be a functional design for such goods." As evidence, the USPTO referenced "similar flying discs." Additionally, the application was refused registration because the mark "consists of a nondistinctive product design" that is not registerable on the Principal Register without sufficient proof of acquired distinctiveness.

OgoSport argued against the initial refusal and in response, on January 3, 2011, the USPTO issued a second refusal. The USPTO trademark examiner concluded that the mark is functional and that the wording "sloping contour of the outer ring member" describes a functional feature and that "disks and catching toys have outer and inner ring members and/or have outer ring members that are more or less contoured." Moreover, the refusal stated that "trampoline member" describes features that are functional and that the functionality of such trampoline member is supported by the claims in an expired utility patent.

This examiner further opined that OgoSport's claimed trade dress was not inherently distinctive and that evidence of acquired distinctiveness was not sufficient. He supported

4

his finding with specific references to the "many other multi-colored disc shaped toys." In regard to OgoSport's claim that the "relatively contrasting colors and values of the outer member, beading member and trampoline" are worthy of tradedress protection, the examiner stated that, "inasmuch as the mark shown on the drawing page is a black and white drawing, applicant's reference to contrasting colors in the description is not appropriate." Like the previous decision, the refusal was not final.

OgoSport filed this action claiming that Maranda is engaging in trade dress infringement and common law unfair competition. Its request for a preliminary injunction was denied for failure to demonstrate a likelihood of success on the merits. Maranda then moved to dismiss the case under Rule 12(b)(6). However upon Maranda's request, that motion was converted to a motion for summary judgment.

### III. Analysis

The Seventh Circuit has defined trade dress as "the total image of a product, including such features as size, shape, color, color combinations, texture, graphics, or even particular sales techniques. *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 935 (7th Cir. 1989) *cert. denied*, 493 U.S. 1075 (1990). Trade dress infringement is proven if: (1) the plaintiff's trade dress is inherently distinctive or has acquired secondary meaning; and (2) the defendant's trade dress is confusingly similar, engendering a likelihood of confusion in the marketplace. *See Id.*

"Even if plaintiff establishes both a protectable trade dress and a likelihood of confusion, it cannot prevail if defendant shows that plaintiff's trade dress is merely functional." *Turtle Wax, Inc. v. First Brands Corp.*, 781 F. Supp. 1314, 1318 (N.D. Ill. 1991) citing *Schwinn Bicycles Co. v. Ross Bicycles, Inc.*, 870 F.2d 1176, 1189 (7th Cir. 1989);

*See also Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (finding that trade dress is not protected if it is functional). For trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional. *TrafFix Devices,* 532 U.S. at 29, citing 15 U.S.C. § 1125(a)(3).

The functionality doctrine seeks to promote competition by preventing trademark law from inhibiting legitimate alternatives by allowing a producer to control a useful product feature. *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 169 (1995). Thus, the rationale for the doctrine is the public interest in preventing a monopoly. *Publ'ns Int'l, Ltd. v. Landoll, Inc.*, 164 F.3d 337, 339 (7th Cir. 1998), *cert. denied* 526 U.S. 1088 (1999). This policy is reflected in the Lanham Act, which provides that functionality is an affirmative defense to infringement. 15 U.S.C. § 1115(b)(8).

A product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, *TrafFix Devices,* 532 U.S. at 32, and if it is costly to design around or do without. *Schwinn Bicycle Co. v. Ross Bicycles, Inc.*, 870 F.2d 1176, 1189 (7th Cir. 1989). Functionality is determined by a feature's usefulness. *Jay Franco & Sons, Inc. v. Franek*, 615 F.3d 855, 858 (7th Cir. 2010). Thus, a design that enables a product to operate is functional and it may not be trademarked. *Id.* at 857. Notably, "a feature that merely accommodates a useful function is not enough." *Serv. Ideas, Inc. v. Traex Corp.*, 846 F.2d 1118, 1123 (7th Cir. Wis. 1988) quoting *LeSportsac, Inc. v. K-Mart Corp.*, 754 F.2d 71, 76 (2d Cir. 1985).

OgoSport submits that Miranda's arguments in support of summary judgment dissects its trade dress as a "fictional collection of mini trade dresses," rather than

6

considering the trade dress as a whole.  Moreover, OgoSport contents it is the "'ensemble of many different things that make up the asserted trade dress consistently with *Two Pesos*." (Pl's opposition brief at 6.)

In *National Van Lines*, the plaintiff was engaged in the nation-wide business of moving household goods by motor van.  *Nat'l Van Lines, Inc. v. Dean*, 288 F.2d 5, 7 (7th Cir. 1961).  The plaintiff's claimed composite service mark consisted of its shield, stripes and company name whereas the defendant's mark was comprised of the outline of a map, stripes and company name.  *Id.*  The district court held that the plaintiff had no exclusive right in the use of the stripes per se in connection with moving services."  *Id.* at 9.  On appeal, the Seventh Circuit stated that " . . . it does not follow that [the plaintiff] may dissect its mark and claim a monopoly in its use of ventricle stripes . . ." and that "[u]nder such circumstances . . . [the mark] must be considered in its entirety, not by separating its component parts."  Similarly, OgoSport asserts that, under *Two Pesos v. Taco Cabana*, 505 U.S. 763, 765 n. 1 (U.S. 1992), analyzing individual elements of its trade dress is improper because "product trade dress comprises the overall look of a product, not any single element of the claimed product trade dress in isolation."

In *National Van Lines* and *Two Pesos,* the issue was whether there was infringement, without regard to functionality.  Here, unlike the aforementioned cases, the court must assess the functionality of OgoSport's asserted trade dress.  In doing so, the courts has to engage in an analysis of the product's elements within the context of the whole product, in accordance with *Two Pesos.  See TrafFix Devices*, 532 U.S. at 33 (acknowledging that in *Two Pesos* the court at the outset made the explicit analytic assumption that the trade dress features in question were not functional, and that the trade

7

dress in those cases did not bar competitors from copying functional product design features).

In *TrafFix Devices*, the plaintiff asserted trade dress for its temporary road signs comprised of a dual-spring design, four legs, a base, an upright and a sign. *Id.* at 34. The Supreme Court held that the dual-spring design feature of the road signs was functional because it was necessary to the operation of the devices. *Id.* Because this essential feature was functional, the court ruled that the entire product was functional. *Id.* Accordingly, other courts within the Seventh Circuit have analyzed a product's design as a whole and considered the functionality of the various design elements. *See Specialized Seating, Inc. v. Greenwich Indus., L.P.*, 472 F. Supp. 2d 999, 1011 (N.D. Ill. 2007); *Minemeyer v. B-Roc Reps, Inc*, 678 F. Supp. 2d 691 (N.D. Ill 2009). Therefore, the court will consider the elements of the OgoDisk's asserted trade dress within the context of the ensemble of the product's elements.

Various factors are relevant to whether a product feature is functional: the existence of a utility patent; the originator's description of the product through advertising; alternative designs; and designs resulting from comparatively simple or cheap manufacturing methods. *Specialized Seating, Inc. v. Greenwich Indus., L.P.*, 472 F. Supp. 2d 999, 1011 (N.D. Ill. 2007); see also *In Re Morton-Norwich Products, Inc.*, 671 F.2d 1332 (Fed. Cir. 1982). Taking such factors into account, this court finds that OgoSport's abandoned patent application is strong evidence that the asserted trade dress is functional. In *TrafFix*, the court stated:

> A prior patent, we conclude, has vital significance in resolving the trade dress claim. A utility patent is strong evidence that *the features therein claimed* are functional. If trade dress protection is sought for those features, the strong

8

> evidence of functionality based on the previous patents adds great weight to the statutory presumption that features are deemed functional until proved otherwise by the party seeking trade dress protection. Where the expired patent claimed the features in question, one who seeks to establish trade dress protection must carry the heavy burden of showing that the feature is not functional.

*TrafFix Devices*, 532 U.S. at 29-30 (emphasis added). Similarly,

> "An abandoned patent application should be considered . . . because an applied-for utility patent that never issued has evidentiary significance for the statements and claims made in the patent application concerning the utilitarian advantages, just as an issued patent has evidentiary significance."

*Valu Eng'g, Inc. v. Rexnord Corp.*, 278 F.3d 1268, 1279 (Fed. Cir. 2002).

OgoSport's founders filed a patent application for the company's "sport activity device." As stated in the amended complaint, OgoSport seeks trade dress protection for a "sports disk product." U.S. Patent Application No. 20060073758 (filed Apr. 6, 2006) In the earlier patent application, OgoSport's founders asserted that the sport activity device has "a toroidal section . . . compris[ing] of an outer shell and an inner portion ... [and] a flexible material attached to said toroidal that create[s] an uninterrupted planar surface that stretches across the toroidal section." *Id.* Similarly, OgoSport describes the OgoDisk as having a "product configuration trade dress comprising a generally circular product having an outer ring, a middle ring comprising beading and a central planar circular surface." *Id.* Based upon the asserted claims, figures, and description in the patent application, it is evident that when OgoSport's founders filed a patent application for the sport activity device, they were attempting to patent the OgoDisk. Hence, the utility patent application is strong evidence that the features therein claimed are functional. Moreover, OgoSport's Patent Application No.11/242,474 and two applications for trade dress protection were refused by the USPTO. While courts are not bound by such determinations of the USPTO,

9

they should show deference to the expertise of the examiners in assessing the functionality of claimed trade dress. *See George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 395 (4th Cir. 2009).

Regardless of an assertion that the features claimed in OgoSport's patent application are not the same features at issue in the present action and thus the founders' patent application is not evidence of functionality, this court holds that the OgoDisk is functional in light of third-party patents. Third-party patents are relevant evidence of function when the patent discloses the utilitarian advantages of the applied-for product. *See In Re Dietrich*, 91 USPQ2d 1622, 16267 (T.T.A.B. 2009). As noted by the USPTO's trademark examiner in a second refusal to file the asserted trade dress on the Federal Register, ". . . U.S. Patent Nos. 4,2241,533 and 5,261,846 support the determination that the applied for mark is functional . . . ." Further,

> [t]he applied for mark includes "a trampoline member" and "outer ring member. The '533 patent describes a toy made of similarly trampoline-like flexible sheet material that is loose and dishes upwardly in flight and is supported and shaped by a similarly outer ring member resilient perimeter. The '846 patent describes a disk toy having a similar central circular portion, peripheral edge, and rim connect to the edge.

Elements of OgoSport's asserted trade dress as a whole are present in the aforementioned utility patents. As such, the referenced prior art is strong evidence of functionality.

The burden of establishing that the asserted trade dress is not functional rests upon OgoSport. 15 U.S.C. § 1125(a)(3); *TrafFix Devices,* 532 U.S. at 29. However, "where the design is functional . . . there is no need to proceed further to consider if there is a competitive necessity for the feature." *TrafFix Devices,* 532 U.S. at 33.

OgoSport relies upon the testimony of Kevin Williams to sustain its burden of establishing evidence non-functionality. Williams testified at the preliminary injunction hearing that the asserted trade dress serves no function. To support this claim, he identified alternative designs that do not utilize OgoSport's asserted trade dress and OgoSport introduced into evidence several commercially available competitive disks having different proportions. However, "[o]nce a product feature is found functional based on other considerations, there is no need to consider the availability of alternative designs because the feature cannot be given trade dress protection merely because there are alternative designs available." *Valu Eng'g*, 278 F.3d at 1276 (interpreting the impact of *TrafFix Devices*, 532 U.S. at 33 on *In Re Morton,* 671 F.2d at 1332). In this case, evidence of alternative designs fails to raise a material factual issue. Moreover, neither the testimony of Mr. Williams nor the presence alternative designs explain why or how the product is not functional.

The sloped out ring member of the design is essential to the use and purpose of the OgoDisk inasmuch as it is obvious that the product is intended to be held in the hand and tossed; the sloping contour of the outer ring facilitates that objective. With regard to the relative proportions of the outer ring member, beading member and trampoline member, the court notes that the proportions of a flying disk affect the functionality of the product. Such proportions of the flying disk are essential to its use or purpose, and therefore, they are functional.

Where functionality is established, "whether [a] . . . design has acquired secondary meaning need not be considered." *TrafFix Devices*, 532 U.S. at 33. Therefore, because this court holds that the sloping contour of the outer ring member and the relative

11

proportions of the outer ring member, beading member and trampoline member are functional, the court need not analyze whether OgoSport's asserted trade dress is inherently distinctive and acquired secondary meaning.

That the Disk's design elements include "the relatively contrasting colors and values (i.e., lightness and darkness) of the out member, beading member and trampoline" does not make the product distinctive or make the combination nonfunctional. The USPTO's trademark examiner observed that the "applicant's reference to the contrasting colors ... raises the question as to whether applicant is claiming more than one mark and/or is claiming a possible phantom mark for an unlimited number of color combinations." A mark that contains a changeable element, such as the relatively contrasting colors in this case, is unregisterable. *See In re Int'l Flavors & Fragerances*, 183 F.3d 1361, 1366 (Fed. Cir. 1999). Thus, the court holds that the OgoDisk's relatively contrasting colors, assessed within the context of the claimed trade dress ensemble, is over broad and lacks the requisite specificity and distinctiveness that warrants trade dress protection.

Now, therefore,

IT IS ORDERED that defendant's motion for summary judgment is granted and the case is dismissed.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE